*52 OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, petitioner’s motion is granted and the matter is remitted to the Civil Court for the appointment of a different guardian ad litem.
The mother of infant Justin Branch retained the law firm of Chelli & Bush to prosecute her son’s personal injury claim. After the mother failed to respond to mailings and phone calls, Robert D. Bush, Esq., petitioned the Civil Court to appoint a guardian ad litem. By order dated March 30, 2011, the Civil Court appointed a guardian ad litem. Petitioner objected to the appointed guardian ad litem and moved to modify the March 30, 2011 order by having a different guardian appointed. In his motion papers, petitioner set forth, among other things, that the appointed guardian ad litem had failed to provide written consent to his appointment as well an affidavit as required by CPLR 1202 (c). By order dated June 21, 2011, the Civil Court denied the motion.
Pursuant to CPLR 1202 (c), “[n]o order appointing a guardian ad litem shall be effective until a written consent of the proposed guardian has been submitted to the court together with an affidavit stating facts showing his ability to answer for any damage sustained by his negligence or misconduct.” A review of the record reveals no written consent submitted by the appointed guardian ad litem nor an affidavit as required by CPLR 1202 (c). Accordingly, in view of the foregoing, as well as the other grounds raised in the motion papers, the order is reversed and the matter is remitted to the Civil Court for the appointment of a different guardian ad litem.